In re Willis

IN THE MATTER OF ALBERT LEE WILLIS

No. 32

(Filed 26 November 1974)

**Appeal and Error § 46 — Court evenly divided — judgment affirmed — no precedent**

Where members of the Court were equally divided and one Justice was not present and did not participate in the hearing, the judgment entered in the superior court is affirmed without becoming a precedent.

Chief Justice BOBBITT not sitting.

THIS proceeding originated in January 1972 by written application and supporting affidavits filed by Albert Lee Willis before the North Carolina Board of Law Examiners for permission to take the Bar examination required of applicants for license to practice law in North Carolina. The Board of Law Examiners, having some question whether the applicant had furnished sufficient evidence of his good moral character, notified the applicant to appear before the Bar Candidate Committee for hearing. Some question arose with respect to the applicant's Air Force service record. He was unable to produce his 201 file. This file, however, was later secured by the Board of Law Examiners.

After full hearing, at which the applicant and his counsel were present, the Board of Law Examiners made detailed findings of fact which are contained in the record. The Board concluded: that the applicant, Albert Lee Willis, has not satisfied the Board that he is possessed of good moral character and entitled to the high regard and confidence of the public. . . . THEREFORE, BE IT RESOLVED by the Board of Law Examiners, that the application of Albert Lee Willis to stand the 1973 North Carolina Bar Examination be denied for reason that he has failed to satisfy the Board that he is possessed of good moral character and that he is entitled to the high regard and confidence of the public as required by Rule VIII of the Rules Governing Admission to the Practice of Law in The State of North Carolina."

Upon receiving notice of the ruling, the applicant petitioned the Board for reconsideration. This petition the Board denied. The applicant appealed from the order to the Superior Court of Wake County contending that the rules for admission to the Bar as authorized by G.S. 84-21 and G.S. 84-24 constituted an unconstitutional delegation of legislative power to the Board of

Law Examiners and, therefore, were violative of his constitutional rights.

Judge McKinnon made detailed findings of fact; and on the basis thereof affirmed the decision of the Board of Law Examiners holding that G.S. 84-21 and G.S. 84-24 are constitutionally valid.

The applicant gave notice of appeal from Judge McKinnon's order and filed in the Supreme Court the record of the proceeding before the Bar examiners and before Judge McKinnon and petitioned this Court to review the entire proceeding. The attorney for the Board of Examiners filed a reply contending the statutes and procedures followed are constitutional and moved before this Court that the appeal be dismissed. This Court ordered that the record and the motion to dismiss be docketed in this Court and the questions involved be calendared for argument.

*Pearson, Malone, Johnson, DeJarmon & Spaulding by C. C. Malone, Jr. and W. G. Pearson II for plaintiff appellant.*

*N. C. Board of Law Examiners by Fred P. Parker III for appellee.*

PER CURIAM

The parties, both by briefs and oral arguments, debated before this Court the question whether the judgment of the superior court should be affirmed or reversed.

Chief Justice Bobbitt was not present and did not participate in the hearing. On the question presented, the members of the Court were equally divided, three members voting to affirm and three members voting to reverse the judgment of the superior court. This equal division requires that the judgment entered in the superior court be affirmed without becoming a precedent. *Sharpe v. Pugh* (decided this day) ; *Parrish v. Piedmont Publishing Co.,* 271 N.C. 711, 157 S.E. 2d 334; *James v. Rogers,* 231 N.C. 668, 58 S.E. 2d 640; *Gardner v. McDonald,* 223 N.C. 854, 25 S.E. 2d 397; *Smith v. McDowell Furniture Co.,* 221 N.C. 536, 19 S.E. 2d 17.

Affirmed.

Chief Justice BOBBITT not sitting.